GEORGE Q. NICKERSON *vs.* HOULTON LODGE OF ELKS, NO. 835.

Aroostook.    Opinion October 15, 1920.

*Benevolent and charitable organizations. Funds of a Lodge of Elks, even under a vote of the Lodge cannot be used for purposes outside the scope and intention of the laws governing the organization.*

Action of assumpsit to recover one hundred and eighty-seven dollars, reported to this court under the usual stipulation.

*Held:*

1. It is the opinion of the court that the vote by which it was attempted to use the funds of the lodge for the purpose of paying a fine, or expenses of counsel, was an illegal vote, unlawful in its origin and purpose, and wholly beyond the power of the lodge to pass, legalize or ratify.

2. The votes in question could create no liability on the part of the lodge to the plaintiff, who admittedly chose his debtor when he made his check payable to C. H. Wheeler, and which check was used in part payment of the fine in question, a personal fine, and not for an offense chargeable against the lodge.

The payment of the order in such circumstances would be a diversion of the funds of the lodge, for which there is no warrant under the laws of the defendant organization.

On Report.    An action of assumpsit to recover $171.50 and interest of $15.50 on same, which plaintiff alleges he paid for the purpose of paying or helping to pay a fine imposed by court upon one Caleb H. Wheeler who pleaded guilty to an indictment for maintaining a public nuisance, and for the illegal sale and keeping of intoxicating liquors, and who was a member of the defendant corporation.

The defendant corporation voted to reimburse the plaintiff and in pursuance of said vote the secretary of the lodge drew an order on the treasurer which order the exalted ruler refused to sign, taking the position that it would be an illegal expenditure of the funds of the lodge. Plea the general issue with a brief statement. At the conclusion of the testimony by agreement of the parties the case was

reported to the Law Court for its determination upon so much of the evidence as was legally admissible. Judgment for the defendant.

Case stated fully in the opinion.

*Bernard Archibald,* for plaintiff.

*Charles P. Barnes, Harry M. Briggs, and W. S. Lewin,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

HANSON, J. Action of assumpsit to recover one hundred and eighty-seven dollars, reported to this court under the usual stipulation.

The following is used as the account annexed to the writ:

"1918
January 22,            Houlton Lodge, No. 835, B. P. O. E.

To George Q. Nickerson,   Dr.

To money then paid by the plaintiff for the use of the defendant at its request, and for money then received by the said defendant for the use of the plaintiff, and for money then lent by the plaintiff to the defendant at its request, and for money found to be due from the defendant to the plaintiff on an account then stated between them, and in consideration thereof then and there promised the plaintiff to pay the same on demand,                              171 50
    To interest since due and demanded              15 50
                                                   ———————
                                                   $187 00"

And the plaintiff outlines his claim as follows:—    ,

"Under this count the plaintiff will prove that he paid the said sum of $171.50 for the purpose of paying or helping to pay or in part payment of a fine imposed by court upon one Caleb H. Wheeler, who was then and there in the employ of the defendant which said fine was imposed as a result of the said Wheeler's conduct in his said employment, that the said Wheeler was then and there a member of the defendant corporation, and that the plaintiff was to be reimbursed by said corporation and said corporation voted and agreed to reimburse him by its vote taken for that purpose Jan. 22, 1918.

That thereafter on Sept. 26, 1918, the secretary issued an order over his signature as said secretary directed to the treasurer of the defendant, as per said vote of Jan. 22, 1918, directing him to pay to the plaintiff the said sum of $171.50."

The fine referred to was imposed by the Supreme Judicial Court in and for the County of Aroostook, in which court said Caleb H. Wheeler pleaded guilty to an indictment for maintaining a public nuisance, and for the illegal sale and keeping of intoxicating liquors. The plaintiff was a member of the board of trustees of defendant lodge at the time the fine was imposed, and it appears his interest and sympathy for Mr. Wheeler were shared by Mr. Buzzell, also a trustee and active member of the lodge. The payment for which this suit is brought was made on May 1, 1917. It also appears that previously, on December 8, 1916, the lodge "voted to reimburse Bro. Wheeler for any expense of court or counsel as the result of the trouble while acting as steward, not to exceed $300."

The remaining vote necessary to be considered is this:—
"February 22, 1917." "that the lodge rescind the vote whereby the lodge voted to pay $300 and no more, re Bro. Wheeler matter, and now that the Lodge assume bill of Bro. George Q. Nickerson for $171.50 for cash paid out for Bro. Wheeler, was voted by a rising vote."

The latter is the vote under which the secretary drew an order on the treasurer, and which order the exalted ruler refused to sign.

The plaintiff says that the exalted ruler refused to sign, either arbitrarily, or taking the position that it was an illegal expenditure of the funds of the lodge for an illegal purpose, and further, "that it cannot be an illegal expenditure of money to pay a fine legally imposed, the prior illegal acts out of which a prosecution arose being in no way material in this case, except to explain the circumstance out of which the defendant took upon itself the responsibility of acting."

We think it is material in disposing of this question, in view of the laws and rules governing the defendant organization, to take into consideration the object and source of all expenditure of lodge funds. The purposes of the organization are well defined, its membership is selected with care, and the duties and rights of its members are set out in the constitution, statutes and by-laws of the organization in clear and unmistakable language. The purposes and authority

of the subordinate lodge itself are as clearly defined in its fundamental law. And no provision can be more definite in its scope and limitation than that in its by-laws relative to its use of funds for or on account of any of its members. Section 1, Article XI of the By-Laws, entitled "Help" provides:—"All applications for help shall be referred to the Standing Relief Committee, who shall recommend relief according to the circumstances of the case."

"Section 2. When a worthy Elk of this Lodge is destitute, unable to procure employment after diligent efforts, and actually without the necessities of life, he may make application in writing to the Lodge, or during the intervals between the sessions of the Lodge, to the Standing Relief Committee, and may if found worthy, be assisted from the funds of the lodge to a sufficient extent to provide him with the necessaries only."

Again the funds are guarded by a provision that "the Lodge shall not have power to loan its funds to any of its members," and another that the exalted ruler shall sign all orders for the payment of money.

It requires no straining of the rules of construction to hold that the purposes for which the various votes were taken are entirely outside the scope and intention of the laws governing a Lodge of Elks, or to find that in this case such a vote, or payment if made has not within the meaning of the law a benevolent or charitable purpose. It is very apparent that the law making body in providing for "help" for its members, meant not only that such members should be worthy, but must be in actual need of help.

It is the opinion of the court that the vote by which it was attempted to use the funds of the lodge for the purpose of paying a fine, or expenses of counsel, was an illegal vote, unlawful in its origin and purpose, and wholly beyond the power of the Lodge to pass, legalize or ratify.

It follows for the same and additional reasons that the exalted ruler was doing only his duty in declining to sign the order. His obligation to the order and duty during his term of office, are clearly defined. The additional reasons are found in the law laid down for his guidance in Art. 5, Sec. 2, of the By-Laws, which reads: "Art. 5, Sec. 2. It shall be the duty of the Exalted Ruler to preside at all sessions of this Lodge, call special sessions when necessary, appoint all committees created by the by-laws or by vote of the Lodge, have general supervision over all matters pertaining to the Lodge, and

see that harmony is preserved and the laws of the Order enforced."

The votes in question could create no liability on the part of the lodge to the plaintiff, who admittedly chose his debtor when he made his check payable to C. H. Wheeler, and which check was used in part payment of the fine in question, a personal fine, and not for an offense chargeable against the lodge.

The payment of the order in such circumstances would be a diversion of the funds of the lodge, for which there is no warrant under the laws of the defendant organization.

The entry will be,

*Judgment for the defendant.*